1  CAROLYN HUNT COTTRELL (SBN 166977)
   NICOLE N. COON (SBN 286283)
2  SCHNEIDER WALLACE COTTRELL
   KONECKY WOTKYNS LLP
3  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
4  Telephone:   (415) 421-7100
   Facsimile:    (415) 421-7105
5  Email: ccottrell@schneiderwallace.com
          ncoon@schneiderwallace.com
6
   KAREN C. CARRERA (SBN 165675)
7  VIRGINIA VILLEGAS (SBN 179062)
   VILLEGAS CARRERA, LLP
8  170 Columbus Avenue, Suite 300
   San Francisco, California 94133
9  Telephone: (415) 989-8000
   Facsimile: (415) 989-8028
10 Email:

11 Attorneys for Plaintiff and the Putative Class/Collective

12                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
13

14 | JOSE MEZA, individually and on behalf of all | ) | Case No. |
15 | others similarly situated, | ) | |
   | | ) | |
16 |     Plaintiff, | ) | CLASS/COLLECTIVE ACTION |
   | | ) | COMPLAINT |
17 |     vs. | ) | |
   | | ) | |
18 | S.S. SKIKOS, INC.; S.S. SKIKOS | ) | JURY TRIAL DEMANDED |
   | DISTRIBUTION, INC.; and S.S. SKIKOS | ) | |
19 | ENTERPRISES, LLC, DBA SKIKOS | ) | |
   | TRUCKING, INC. | ) | |
20 | | ) | |
   | | ) | |
21 |     Defendants. | ) | |
   | | ) | |
22 | | ) | |
   | | ) | |
23 | | ) | |

24

25

26

27                                    i

28 **CLASS/COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
   *Jose Meza, et al. v. S.S. Skikos, Inc., et al.*

# I.   INTRODUCTION

1.     Plaintiff Jose Meza brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for S.S. Skikos, Inc., S.S. Skikos Distribution, Inc., S.S. Skikos Enterprises, LLC, dba Skikos Trucking, Inc., (collectively "Skikos" or "Defendants") as delivery Drivers ("Drivers") in California at any time beginning April 27, 2011 (four years before the filing of this complaint) until resolution of this action.  Throughout the relevant time period of this action, Plaintiff and similarly situated Drivers have been denied payment for all hours worked, including overtime, and denied timely rest periods and meal periods in compliance with Wage Order 9.  Accordingly, Defendants have routinely (1) failed to provide meal and rest periods and pay premiums for missed breaks pursuant to California Labor Code §§ 226.7 and 512; (2) failed to compensate for all hours worked pursuant to California Labor Code § 204 and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"); (3) failed to pay overtime, double time and minimum wages pursuant to California Labor Code § 510 and the FLSA; (4) failed to pay for waiting time penalties pursuant to California Labor Code §§ 201-203; (5) failed to provide timely and itemized wage statements pursuant to California Labor Code § 226; and (6) engaged in unfair business practices pursuant to California Business and Professions Code §§ 17200, *et seq.*  Plaintiff requests civil penalties pursuant to Cal. Labor Code § 2699(a) and (f) for violating the various California Labor Code provisions enumerated above.

2.     Plaintiff and members of the proposed class and collective drive delivery trucks, and are current and former non-exempt, hourly employees of Defendants in California.  Plaintiff and proposed class and collective members often work in excess of 12 hours per day.  Drivers are routinely denied meal and rest periods, and Drivers that are entitled to overtime uniformly report that they are not paid at an overtime rate for any hours worked over eight (8) in one day or over forty (40) in a workweek.

3.     Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all denied meal and rest periods, unpaid wages, including unpaid minimum and

overtime wages, waiting-time penalties, penalties for non-compliant wage statements, and penalties under the California Private Attorneys General Act ("PAGA"). Plaintiff also seeks declaratory and injunctive relief, including restitution. In addition, Plaintiff seeks liquidated damages under the FLSA. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the California Labor Code and California Code of Civil Procedure § 1021.5 and the FLSA.

## II.   VENUE AND JURISDICTION

4.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391. The events giving rise to Plaintiff's claims occurred within this judicial district. Defendant resides in this judicial district and is subject to personal jurisdiction here.

## III.   PARTIES

6.      Plaintiff Jose Meza was employed by Skikos as a non-exempt hourly employee within the statutory period of this case. Plaintiff Meza worked for Skikos as a delivery Driver in Santa Rosa, California from approximately February 2, 2011 until December 8, 2014.

7.      Plaintiff is informed, believes, and thereon alleges that S.S. Skikos, Inc., S.S. Skikos Distribution, Inc., S.S. Skikos Enterprises, LLC, dba Skikos Trucking, Inc., are related business entities that operate as S.S. Skikos Trucking. Skikos provides delivery services for businesses, including, but not limited to, dairies and wineries in California. Skikos maintains its headquarters in Santa Rosa, California. Plaintiff is further informed, believes, and thereon alleges that these business entities employ Drivers throughout Northern California.

## IV.   FACTUAL ALLEGATIONS

8.      During the relevant time period of this action, Defendants have employed, and continue to employ, Plaintiff and other similarly situated individuals to provide delivery services ("Drivers" and "proposed Class members"). Drivers travel to and from Defendants' facilities to

2

pick up and drop off their vehicles and trailers and goods for hauling.  Oftentimes Drivers drive their vehicles to and from their homes and store them at their homes when they are not working.  They typically receive early morning telephone calls from Defendants telling them what their duties and hauls will involve that day.  For the most part, they transport the hauled goods to and from customers' facilities throughout the state.

9.     Defendants pay Drivers under various compensation schemes, including percentage of goods hauled, by the mile, flat and/or piece rates and hourly rates.  The Drivers, for the most part, are not informed about the compensation schemes.  The compensation scheme is not explained to Drivers in detail, and there is significant time worked for which they do not receive compensation.

10.     Plaintiff was employed as a Driver from approximately February 2, 2011 until December 8, 2014.  Plaintiff worked out of Defendants' location in Santa Rosa, California.

11.     Plaintiff was classified as an hourly, nonexempt employee.  Plaintiff typically worked six (6) to seven (7) days per week, and his work shifts generally lasted, in excess of 12 hours.  Similar to Plaintiff, proposed Class members are current and former Drivers all of whom are non-exempt, hourly employees in California.  Plaintiff is informed, believes, and thereon alleges that Drivers generally work five to six days per week, 10 to 16 hours per day.  Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendants have at all relevant times been similar for Plaintiff and other Drivers.

12.     Under one such common policy and practice, Defendants routinely failed to pay Plaintiff and proposed Class members for all hours worked.  Although Drivers manually log some of their hours on log sheets, as instructed by Defendants, Drivers are not paid for the actual number of hours that they work.  Further, Defendants manipulate the time records so that they do not reflect actual hours worked.  Regardless, Drivers are typically paid a flat rate, by the job, by the route, or by the mile.  This payment scheme results in the Drivers not being compensated for all hours worked, for overtime wages, and at times, even minimum wages.  Under California law,

3

workers must receive the minimum wage for *each hour worked* during the payroll period, even if the agreed-upon compensation exceeds the minimum wage for the total hours worked. Defendants did not comply with this requirement.

13.     In addition, Drivers perform a variety of work-related tasks for which they are not paid. For example, Drivers are required to queue up in their trucks and wait in line to load their trucks. This on-duty wait time can often last for hours. Drivers cannot leave the line because if a Driver departs the line, he will have to re-enter at the end of the line. Thus, this wait time will be even longer. Drivers are generally not compensated for the time it takes unloading products, cleaning trucks after each delivery, driving time, downtime, and conducting vehicle inspections, among other work tasks.

14.     In addition, Defendants routinely denied compliant meal periods to Plaintiff and proposed Class members. Specifically, Drivers are not permitted 30 minutes of uninterrupted time to take a meal period. Rather, they eat while they are performing their work duties for Defendants. Meal periods are also not provided in a timely fashion. Furthermore, Drivers are denied a second meal period after ten hours worked.

15.     Similar to meal periods, Defendants routinely denied rest periods to Plaintiff and proposed Class members. Plaintiff and the proposed Class members were not informed, either verbally or in writing, that they had the right to take rest breaks. Moreover, the time pressure to arrive at a delivery by a designated hour is so severe, that there is little to no time for the Drivers to take rest breaks.

16.     Defendants are aware that Plaintiff and proposed Class members are regularly denied their meal and rest breaks as a result of Defendants' unlawful policies and practices, but Defendants nevertheless refuse to authorize premium pay for missed or interrupted meal and rest periods.

17.     Defendants also failed to provide Plaintiff and proposed Class members with compliant itemized wage statements. Specifically, the payroll documents they receive do not

contain their accurate hours worked.  They do not contain all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  In the event they are paid based on a piece-rate and/or flat-rate, the statements are similarly deficient.  They do not contain the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis.

18.    Furthermore, Defendants provide vacation benefits to Drivers.  However, they have an illegal "use it or lose it" policy and routinely fail to pay terminated Drivers all of their unused vested vacation time in the form of wages upon discharge.

## V.   CLASS ACTION ALLEGATIONS

19.    Plaintiff brings Causes of Action II through VIII as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure ("FRCP") 23(a) and (b)(3).  The Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt Driver employees of Skikos in California during the time period four years prior to the filing of the original complaint until resolution of this action (the "Class").

20.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

21.    Numerosity:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  Plaintiff is informed and believes that the number of Drivers exceeds 100.

22.    Commonality:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

> i.    Whether Defendants fail to pay Plaintiff and proposed Class members for all hours worked;

5

ii.   Whether Defendants fail to pay Plaintiff and proposed Class members, that qualify for overtime pay under the California Labor Code, at an overtime rate for hours worked in excess of eight in a workday or over forty in a workweek;

iii.   Whether Defendants fail to pay Plaintiff and proposed Class members minimum wages as required by law;

iv.   Whether Defendants fail to authorize and permit proposed Class members to take the meal periods to which they are entitled in violation of the California Labor Code;

v.   Whether Defendants fail to provide proposed Class members with the meal periods to which they are entitled in violation of Business and Professions Code §§17200 *et seq.*;

vi.   Whether Defendants fail to authorize and permit proposed Class members to take the rest periods to which they are entitled in violation of the California Labor Code;

vii.   Whether Defendants fail to authorize and permit proposed Class members to take the rest periods to which they are entitled in violation of Business and Professions Code §§17200 *et seq.*;

viii.   Whether Defendants fail to provide proposed Class members with timely, accurate itemized wage statements in violation of the California Labor Code;

ix.   Whether Defendants' policy and practice of failing to pay proposed Class members all wages due upon the end of their employment violates the California Labor Code;

x.   Whether Defendants' policy and practice of failing to pay proposed Class members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §§17200 *et seq.*;

6

xi.   Whether Defendants are liable for penalties to proposed Class members under the PAGA; and

xii.   The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

23.   Typicality: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and proposed Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

24.   Adequacy of Representation: Plaintiff is a member of the Class, does not have any conflicts of interest with other proposed Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour classes. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

25.   Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

26.   In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants;

27.   If each individual Class Member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be

7

able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

28.     Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

29.     An important public interest recognized by California substantive law will be served by addressing the present 'wage and hour' suit as a class action. ("The prompt payment of wages due [to] an employee is a fundamental policy of this state." *Belaire-West Landscaping Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 562, *citing Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 571.

## VI.   COLLECTIVE ACTION ALLEGATIONS

30.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage and overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated to Plaintiff with regard to his claims for unpaid wages and damages, in that they have been denied proper compensation, including overtime compensation, at some point during the three years prior to the filing of this Complaint. The groups of similarly situated individuals that Plaintiff seeks to represent is defined as follows:

> All current and former Drivers not covered by the Motor Carrier Act exemption to the FLSA, who were employed by Defendants during the time period three years prior to the filing of the original complaint until resolution of this action (the "Collective").

31.     Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interest in bringing this action.

32.     Members of the Collective are similarly situated, as they have substantially similar job requirements and provisions and are subject to a set of common practices, policies and/or plans

that require or permit them to perform work, in the form of spending time or conducting activities for the benefit of Defendants, which are not compensated pursuant to the FLSA.

33.     For the most part, Drivers do not cross state lines on more than a remote basis, and there is no reasonable expectation that they will.  Furthermore, Drivers are not participating in more than a *de minimus* amount of interstate activity.  To the extent there are Drivers who do cross state lines on more than a remote basis and/or participate in more than a *de minimus* amount of interstate activity, those Drivers are excluded from the Collective.

34.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

35.     Defendants' failure to pay Plaintiff and the Collective their lawful wages was and is willful.  Defendants knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

36.     Despite its knowledge that time spent by Plaintiff and the Collective, as described above, was compensable time under both state and federal law, Defendants have refused to fully compensate workers for any of this time.

37.     These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Wages, Overtime Compensation and Minimum Wage under Federal Law
Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*
(Against All Defendants)**

38.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

9

39.     Defendants violated the FLSA by knowingly failing to maintain records of all hours worked.

40.     Defendants violated the FLSA by knowingly failing to compensate Plaintiff for all hours worked and by knowingly failing to compensate Plaintiff at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

41.     Defendants' actions were willful.

42.     Defendants are therefore liable to Plaintiff and members of the collective, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages and unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime and Double time Compensation
**California Labor Code §§ 510, 515.5, 1194, and 1198 *et seq*., and IWC Wage Order No. 9.**
**(Against All Defendants)**

43.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

44.     Defendants have failed to pay Plaintiff, and other members of the Class, overtime compensation for the hours they worked in excess of the maximum hours permissible by law under California Labor Code §§ 510 and 1198, and IWC Wage Order No. 9, § 3.  Plaintiff and other members of the Class are regularly required to work overtime hours.[1]

---

[1] This claim only applies to Drivers who are not exempt from California overtime.  Pursuant to Wage Order 9-2001, workers driving a vehicle meeting one of the following descriptions are exempt from California overtime: vehicles with three axles and weighing at least 10,000 pounds, truck tractors, buses, farm labor vehicles or paratransit vehicles, if the truck and trailer combined are more than 40 feet, trucks transporting hazardous materials, any commercial vehicle weighing over 26,000 pounds or any commercial vehicle towing a vehicle weighing more than 10,000 pounds (except trailer coaches or camp and utility trailers). *See also*, CA Code of Regulations, 13 C.C.R. § 1200(a).

45.     California Labor Code §§ 510 and 1198, and IWC Wage Order No. 9, §3, provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in any workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.  Furthermore, employees in California shall receive double the employees' regular rates of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

46.     By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff and Class Members for their overtime and double time hours worked, Plaintiff and Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional threshold of this Court and which will be ascertained according to proof at trial.

47.     As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class Members have been deprived of overtime and double time compensation in an amount to be determined at trial.  Plaintiff and other members of the class request recovery of overtime and double time compensation according to proof, interest, attorney's fees and costs of suit pursuant to California Labor Code §§1194(a), 554, 1194.3 and 1197.1, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

**THIRD CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**California Labor Code §§201, 202, 204, and 221-223**
**(Against All Defendants)**

48.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

11

49.     California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

50.     California Labor Code §§ 201 and 202 require an employer to pay all wages earned but unpaid immediately upon the involuntary discharge of an employee or within seventy-two (72) hours of an employee's voluntary termination of employment.

51.     California Labor Code §204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

52.     California Labor Code §§221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

53.     Defendants willfully have maintained and continue to maintain a policy of denying Drivers wages for an array of activities they must perform before and after hauling products and performing deliveries. At all relevant times, Plaintiff and the proposed Class have been required by Defendants to work off-the-clock without compensation for the work they perform. For example, Drivers are required to queue up in their trucks and wait in line to load their trucks. This on-duty wait time can last for hours. Drivers cannot leave the line because if a Driver departs the line, he will have to re-enter at the end of the line and his wait time will be even longer. Drivers are not compensated for the time it takes unloading products, cleaning trucks after each delivery, driving time, waiting time, downtime, and conducting vehicle inspections, among other work tasks.

54.     While Defendants do not compensate for these work activities, Defendants require Drivers to perform them. This is time during which Drivers are subject to the control of Defendants and is compensable time.

55.     The substantial time Drivers regularly spend on these work activities is compensable working time, and Defendants are required by law to pay the Drivers for it. Defendants' failure to

12

compensate Drivers for this time results in the denial of wages for all hours worked in violation of the Labor Code provisions cited herein.

56. Defendants have committed these acts knowingly and willfully, with the wrongful and deliberate intention of withholding, deducting and reducing wages owed to Plaintiff and the Class for time spent on the aforementioned activities. As a proximate result of these violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at trial.

57. Defendants are liable to Plaintiff and the Class for unpaid compensation, penalties, interest and attorneys' fees and costs as set forth below.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal Periods, or Compensation in Lieu Thereof**
**California Labor Code §§ 226.7 and 512; and Cal. Code Regs., Title 8 §11090 sections 7 & 11**
**(Against All Defendants)**

58. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

59. California Labor Code §§ 226.7 and 512, and Title 8 of the California Code of Regulations § 11090, section 11 require Defendants to provide meal periods to Plaintiff and members of the proposed Class. California Labor Code §§ 226.7 and 512, and Title 8 of the California Code of Regulations § 11090, section 11 prohibit employers from employing an employee for more than five hours without a meal period no less than thirty (30) minutes and for more than ten (10) hours without a second meal period. Unless the employee is relieved of all duty during the thirty (30) minute meal period, the employee is considered "on-duty" and the meal or rest period is counted as time worked.

60. Drivers regularly work 10 to 16 hours in a day, sometimes even more, without being provided an opportunity to take a meal period during which they are relieved of all duties. The quantity of deliveries, time needed to drive between deliveries, and delivery windows mandated in the routes Defendants assign to the Drivers routinely deprives the Drivers of an opportunity to stop driving and take an off duty meal period, while still completing their routes in accordance with

13

Defendants' instructions and expectations.  Defendants' policy is for the Drivers to meet the delivery windows in a timely fashion and provide high customer service.  Given the way the routes are designed and arranged, this routinely does not permit Drivers to take off duty meal periods of at least 30 minutes by the fifth hour of work and another off duty meal period of at least 30 minutes by the tenth hour of work.

61.     Because Drivers must deliver within the scheduled delivery time, Drivers often must: 1) eat while they drive; 2) eat while they work; and/or 3) forego their meal period entirely until after they completed their work.

62.     Under both California Labor Code § 226.7(b) and Title 8 of the California Code of Regulations § 11090, section 11, an employer who fails to provide a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

63.     Title 8 of the California Code of Regulations §11090, section 7 requires the Defendants to keep time records of meal periods in order to satisfy the requirements of California's meal period laws and regulations.

64.     Despite these requirements, Defendants failed to perform their obligations to provide Plaintiff and Class Members off-duty meal periods.  Defendants also have failed to pay Plaintiff and Class Members one (1) hour of pay for each off-duty meal period that they have been denied. Defendants' conduct described herein violates California Labor Code §§226.7 and 512 and Title 8 of the California Code of Regulations §11090.  Therefore, Plaintiff and Class members are entitled to compensation for Defendants' failure to provide, authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to California Labor Code §§226.7(b) and Title 8 of the California Code of Regulations §11090.

///

///

///

**CLASS/COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Jose Meza, et al. v. S.S. Skikos, Inc., et al.*

**FIFTH CAUSE OF ACTION**
**Failure to Provide Rest Periods, or Compensation in Lieu Thereof**
**California Labor Code §§ 226.7 and Cal. Code Regs., Title 8 § 11090 section 12**
**(Against All Defendants)**

65.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

66.     California Labor Code §226.7 and Title 8 of the California Code of Regulations § 11090, section 12 requires Defendants to authorize and permit rest periods to Plaintiff and members of the proposed Class at the rate of ten minutes net rest time per four hours or major fraction thereof.

67.     Drivers regularly work 10 to 16 hours in a day, sometimes even more, without being provided an opportunity to rest for even ten minutes during a four hour period or major fraction thereof.  The quantity of deliveries, time needed to drive between deliveries, and delivery windows mandated in the routes Defendants assign to the Drivers routinely deprive the Drivers of an opportunity to stop driving and rest for 10 net minutes, while still completing their routes in accordance with Defendants' instructions and expectations.  Defendants' policy is for the Drivers to meet the delivery windows in a timely fashion and provide high customer service.  Given the way the routes are designed and arranged, this routinely does not permit Drivers to stop and rest for even 10 minutes during each 4 hour work period or major fraction thereof.  In addition, Defendants do nothing to authorize or permit rest periods, even if there were an opportunity to take them.

68.     Under both California Labor Code § 226.7 and Title 8 of the California Code of Regulations §1190, section 12, an employer must pay an employee who was denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

69.     At all relevant times herein, Defendants failed to perform their obligations to authorize and permit Plaintiff and Class Members to take rest periods as set forth above.

15

Defendants also failed to pay Plaintiff and Class Members one (1) hour of pay for each rest period they have been denied.  Defendants' conduct described herein violates California Labor Code §§ 226.7 and Title 8 of the California Code of Regulations §11090.  Therefore, Plaintiff and members of the Class are entitled to compensation for Defendants' failure to provide, authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to California Labor Code §§ 226.7(b) and 1194, and Title 8 of the California Code of Regulations § 11090.

**SIXTH CAUSE OF ACTION**
**Failure to Furnish Accurate Itemized Wage Statements**
**California Labor Code § 226**
**(Against All Defendants)**

70.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

71.     At all material times set forth herein, California Labor Code §226(a) provides that every employer furnish each employee with an accurate itemized wage statement, in writing, showing nine pieces of information, including: 1) gross wages earned; 2) total hours worked by the employee; 3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis; 4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; 5) net wages earned; 6) the inclusive dates of the period for which the employee is paid; 7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; 8) the name and address of the legal entity that is the employer; and 9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  California Labor Code §226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty-dollars ($50.00) for the initial violation and one-hundred dollars ($100.00) for each subsequent violation, up to a maximum of four-thousand dollars ($4,000.00).

16

**CLASS/COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Jose Meza, et al. v. S.S. Skikos, Inc., et al.*

72.    Defendants knowingly, intentionally, and willfully have failed to furnish Plaintiff and Class Members with timely, accurate, itemized statements showing gross wages, total hours worked, number of piece-rate units earned and any applicable piece rate, all deductions, inclusive dates of pay period, name and last four digits of social security number or employee identification number, and all applicable rates of pay as required by California Labor Code §226(a).

73.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code §226(a) because they have been denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

74.    Plaintiff and members of the Class have been injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California Labor Code and related laws and regulations.  As a result, Defendants are liable to Plaintiff, and members of the Class, for the amounts, penalties, attorneys' fees, and costs of suit provided by California Labor Code §226(e) and California Labor Code §2699(a).

75.    Plaintiff, on behalf of himself and the proposed Class, request an assessment of penalties as stated herein and other relief as described below.

**SEVENTH CAUSE OF ACTION**
**Waiting Time Penalties**
**California Labor Code §§ 201-203**
**(Against All Defendants)**

76.    Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

77.    California Labor Code §201 requires an employer who discharges an employee to pay all compensation due and owing to said employee immediately upon discharge.  California Labor Code § 227.3 requires an employer to pay terminated employees all unused vested vacation time in the form of wages upon discharge.  California Labor Code §202 requires an employer to promptly pay compensation due and owing to said employee within seventy-two (72) hours of that

17

**CLASS/COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Jose Meza, et al. v. S.S. Skikos, Inc., et al.*

employee's termination of employment by resignation. California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§201-202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

78. Plaintiff and members of the Class have left their employment with Defendants during the statutory period. Defendants have willfully failed and refused, and continue to willfully fail and refuse, to timely pay minimum wages, overtime compensation and vacation benefits owed to Plaintiff and to all other proposed Class Members whose employment with Defendants have ended or been terminated at any point during the statutory period, as is required by California Labor Code §§201-202. As a result, Defendants are liable to Plaintiff and other formerly employed members of the proposed Class for waiting time penalties, together with interest thereon, attorneys' fees, and costs of suit, under California Labor Code §203.

79. Plaintiff, on behalf of themselves and the proposed Class, request waiting time penalties pursuant to California Labor Code §203 and as described below.

## EIGHTH CAUSE OF ACTION
### Unfair Competition and Unlawful Business Practices
### California Business and Professions Code §§ 17200, *et seq.*
### (Against All Defendants)

80. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

81. California Business and Professions Code §17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

82. Moreover, Business and Professions Code §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks a court order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to themselves and members of the proposed Class, according to proof, as well as a determination of the amount of

funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

83.     Plaintiff and all proposed Class Members are "persons" within the meaning of Business and Professions Code §17204 who have suffered injury in fact as a result of Defendants' unfair competition, and who comply with the requirements of California Code of Civil Procedure Section 382, as set forth above and, therefore, have standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

84.     Defendants' have been committing, and continue to commit, acts of unfair competition as defined by the Unfair Competition Law, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint.

85.     Plaintiff reserves the right to identify additional unfair and unlawful practices by Defendants as further investigation and discovery warrants.

86.     As a result of its unlawful and/or unfair acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members. Defendants' unlawful and/or unfair conduct has also enabled Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.  Defendants should be enjoined from this activity and made to restore to Plaintiff and proposed Class Members their wrongfully withheld wages, interest thereon.

87.     Plaintiff, on behalf of himself and the proposed Class, requests restitution of unpaid wages, wage premiums, injunctive relief and other relief as described below.

### NINTH CAUSE OF ACTION
**Statutory Penalties Pursuant to PAGA (Labor Code §§2699, *et seq.*)**
**(On behalf of All Aggrieved Employees)**

88.     Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

89.     At all times herein set forth, the Labor Code Private Attorneys General Act of 2004 (PAGA) was applicable to Plaintiff's employment by Defendants.

19

90.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (LWDA) for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code Section 2699.3.

91.     A civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

92.     Plaintiff was employed by Defendants and the alleged violations were committed against him during their time of employment and they are, therefore, aggrieved employees. Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

93.     Pursuant to California Labor Code section 2699.3, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)  The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

(b)  The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violations within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the

20

Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code Section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

94.    On March 12, 2015, Plaintiff Meza provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

95.    Thirty-three (33) days have passed, and Plaintiff has not received a letter from the LWDA stating an intent to investigate his claims against Defendants.

96.    Plaintiff has satisfied the administrative prerequisites under California Labor Code Section 2699.3(a) to recover civil penalties against Defendants for violations of California Labor Code stated above.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class and Collective he seeks to represent in this action, requests the following relief:

1.    For an order certifying this case as a class and collective action, appointing Plaintiffs as the representatives of the Class and Collective, and appointing Plaintiffs' attorneys, Villegas Carrera, LLP and Schneider Wallace Cottrell Konecky Wotkyns LLP as Class/Collective Counsel;

2.    For a declaratory judgment that Defendants have violated the California Labor Code, IWC Wage Order 9-2001and public policy as alleged herein;

3.    For a declaratory judgment that Defendants have violated Business and Professions Code §§17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code, IWC Wage Order and of California public policy protecting workers and prohibiting work without full and proper compensation for work performed, adequate meal and rest periods, and reimbursement for necessary work expenses;

4.    For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the

21

future those violations of law herein alleged;

5.      That these Defendants be ordered to refrain from retaliating against any Class and Collective Members who are current employees, including, but not limited to, reducing scheduled hours, assigning longer routes, contacting or threatening to contact immigration authorities in violation Labor Code §244(b), or termination;

6.      For an order awarding Plaintiffs and the Class and Collective compensatory and liquidated damages, including lost wages, earnings, and other employee benefits and all other sums of money owed to Plaintiffs and the Class and Collective, together with interest on these amounts, according to proof;

7.      For an equitable accounting to identify, locate and restore to all current and former employees the restitution they are due under California Business and Professions Code §§17202-17203, with interest thereon;

8.      For an award of restitution, according to proof, under the California Labor Code and under California Business and Professions Code §§17200-17205;

9.      For an order imposing all statutory and/or civil penalties provided by law, including, but not limited to, penalties under California Labor Code §§201-203, 226(e), 226.3, 226.7, 2699(a) and (f), and the FLSA, together with interest on these amounts;

10.     Pre-judgment and post-judgment interest, as provided by law;

11.     For an award of reasonable attorneys' fees as provided by the FLSA and the California Labor Code §§203, 225.5, 226, 1194, 1197, and 2804, Code of Civil Procedure § 1021.5, and/or any other applicable law;

12.     For all costs of suit; and

13.     Any and all other applicable statutory penalties, as provided by law; and

14.     Any other and further relief the Court deems just and proper.

**CLASS/COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Jose Meza, et al. v. S.S. Skikos, Inc., et al.*

Dated:  April 27, 2015     Respectfully Submitted,

            SCHNEIDER WALLACE
            COTTRELL KONECKY WOTKYNS LLP

        By:  */s/ Carolyn Hunt Cottrell*
            CAROLYN HUNT COTTRELL

Dated:  April 27, 2015     VILLEGAS CARRERA, LLP

        By:  */s/ Karen C. Carrera*
            KAREN C. CARRERA

            Attorneys for Plaintiff and the Putative Class and
            Collective

## E-SIGNATURE ATTESTATION

   Pursuant to Local Rule 5-1(i)(3), the e-filing attorney hereby attests that she has received authorization to file this Complaint and Demand for Jury Trial from Karen C. Carrera.

Date: April 27, 2015      Respectfully Submitted,

            */s/ Carolyn Hunt Cottrell*
            Carolyn Hunt Cottrell
            SCHNEIDER WALLACE
            COTTRELL KONECKY
            WOTKYNS LLP
            180 Montgomery Street, Suite 2000
            San Francisco, California 94104
            Telephone: (415) 421-7100
            Facsimile:  (415) 421-7105
            Email:  ccottrell@schneiderwallace.com

**CLASS/COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Jose Meza, et al. v. S.S. Skikos, Inc., et al.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the Class and Collective are entitled to a jury.


Dated:  April 27, 2015                          Respectfully Submitted,

                                                SCHNEIDER WALLACE
                                                COTTRELL KONECKY WOTKYNS LLP


                                         By:    */s/ Carolyn Hunt Cottrell*
                                                CAROLYN HUNT COTTRELL


Dated:  April 27, 2015                          VILLEGAS CARRERA, LLP


                                         By:    */s/ Karen C. Carrera*
                                                KAREN C. CARRERA


                                                Attorneys for Plaintiff and the Putative Class and
                                                Collective

**CLASS/COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Jose Meza, et al. v. S.S. Skikos, Inc., et al.*

## CERTIFICATE OF SERVICE

1

2      I hereby certify that on April 27, 2015 I electronically filed the above document with the

3   Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel

4   of record.

5

6   Date: April 27, 2015                    Respectfully Submitted,

7

8                                           /s/ Carolyn Hunt Cottrell
                                            Carolyn Hunt Cottrell
9                                           SCHNEIDER WALLACE
                                            COTTRELL KONECKY
10                                          WOTKYNS LLP
                                            180 Montgomery Street, Suite 2000
11                                          San Francisco, California 94104
                                            Telephone: (415) 421-7100
12                                          Facsimile:  (415) 421-7105
                                            Email:  ccottrell@schneiderwallace.com
13

14                                          Attorneys for Plaintiff and the Putative Class and
                                            Collective
15

16

17

18

19

20

21

22

23

24

25

26

27
                                            25
28