UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE MEZA,

        Plaintiff,

    v.

S.S. SKIKOS, INC., et al.,

        Defendants.

Case No. 15-cv-01889-TEH

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

This matter came before the Court on February 22, 2016 for a hearing on Plaintiff's unopposed motion for preliminary approval of settlement. (Docket No. 45.) Having considered the Stipulation of Settlement and Release ("Settlement Stipulation"), Notice Packet, documents filed in support of the instant motion, and statements of counsel, the Court HEREBY ORDERS THE FOLLOWING:[1]

    1.    The Court GRANTS preliminary approval of the terms and conditions contained in the Settlement Stipulation, attached hereto as Exhibit A. The Court preliminarily finds that the terms of the Settlement Stipulation appear to be within the range of possible approval, as they are fair, adequate and reasonable, and therefore comply with Federal Rule of Civil Procedure 23(e).

    2.    The Court preliminarily appoints Plaintiff, Jose Meza, as the class representative.

    3.    The Court preliminarily appoints Schneider Wallace Cottrell Konecky Wotkyns LLP and Villegas Carrera, LLP, as Class Counsel.

    4.    The Court GRANTS conditional certification of the California Class for settlement purposes. The "California Class" is defined to mean "all current and former Drivers employed by Defendants in California during the California Class Period." The

---

[1] Unless otherwise noted, capitalized terms in this Order shall have the same meaning as in the Settlement Stipulation.

"California Class Period" is the period beginning April 27, 2011 through the date of this Order.

5. The Court GRANTS conditional certification of the California FLSA Class for settlement purposes. The "California FLSA Class" is defined as "all current and former Drivers who were employed by Defendants in California during the California FLSA Class Period." The "California FLSA Class Period" is the period beginning April 27, 2012 through the date of this Order.

6. The Court finds that, for settlement purposes, the above-defined Classes meet all of the requirements for class certification. The Court further finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied and that: (a) the above-defined Classes are ascertainable; (b) the Class Members are so numerous that joinder is impracticable; (c) there are questions of law and fact common to the Class Members which predominate over any individual questions; (d) Plaintiff's claims are typical of the claims of the Class Members; (e) Plaintiff and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Classes throughout the litigation; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arms-length by the parties and with the assistance of mediator David Rotman. In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and the Class Members, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, and the substantial benefits available to Class Members as a result of the Settlement. The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

8. The Court preliminarily appoints Simpluris, Inc. as the Settlement Administrator.

9. The Court APPROVES the Notice Packet attached to the Settlement Stipulation as Exhibits 1-3. *See* Ex. 1 to Prelim. Approval Mot. (Docket No. 45). The Court finds that the Notice Packet, along with the related notification procedure contemplated by the Settlement, constitutes the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice Packet appears to fully and accurately inform the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. Subject to the terms of the Settlement Stipulation, including the terms pertaining to address verification, the Notice Packet shall be mailed via first-class mail to the most recent known address of each Class Member within the timeframe specified in the Settlement Stipulation and Paragraph 16B of this Order. Each Class Member shall receive the Notice Packet in both English and Spanish. The Parties are authorized to make non-substantive changes to the proposed Notice Packet that are consistent with the terms of the Settlement Stipulation and this Order.

10. The Court APPROVES the proposed procedure for Class Members to request exclusion from the Settlement, which is to submit an Exclusion Letter to the Settlement Administrator no later than 45 days after the Notice Packet is mailed, or, for Class Members whose Notice Packets are remailed, the later of 45 days after the original mailing or 7 days after the remailing to that Class Member. Any putative Class Member who submits an Exclusion Letter shall not be a Member of the Class, shall be barred from participating in the Settlement, and shall receive no benefit from the Settlement.

11. The Court APPROVES the proposed procedure for Class Members to opt in to the California FLSA Class, and finds that the procedure complies with 29 U.S.C. § 216(b).

12. The Court APPROVES the proposed procedure for Class Members to object to the Settlement, which is to submit an objection to the Court by mail to the Class Action Clerk or by filing with the Court postmarked no later than 45 days after the Notice Packet

3

1 is mailed, or, for Class Members whose Notice Packets are remailed, the later of 45 days
2 after the original mailing or 7 days after the remailing to that Class Member.

3       13.    The Court ORDERS that Class Counsel shall file a motion for approval of
4 the Fee and Expense Award and the Service Payment, with the appropriate declarations
5 and supporting evidence, at least 14 days prior to the close of the Class Notice period to be
6 heard at the same time as the motion for Final Approval of the Settlement.

7       14.    The Court ORDERS that Class Counsel shall file a motion for Final
8 Approval of the Settlement, with the appropriate declarations and supporting evidence,
9 including a declaration setting forth the identity of any Class Members who request
10 exclusion from the Settlement, by **Monday, May 2, 2016**.

11       15.    Each Class Member shall be given a full opportunity to object to the
12 proposed Settlement, request for attorneys' fees, and service payment, and to participate at
13 the Final Approval Hearing, which the Court sets to commence on **Monday, May 23,**
14 **2016** at 10:00 a.m. in Courtroom 2, 17th Floor of the Phillip Burton Federal Courthouse in
15 San Francisco. Any Class Member seeking to object to the proposed Settlement may file
16 such objection in writing through the process described in the Notice Packet or may appear
17 at the Final Approval Hearing to make the objection.

18       16.    The Court APPROVES and adopts the following dates and deadlines:

19       A.    Defendant shall provide to the Settlement Administrator a database
20 containing Class Members' contact information no later than 5 business days after
21 the date of this Order.[2]

22       B.    The Settlement Administrator shall mail Notice Packets no later than
23 10 days after receiving the Class Members' contact information from Defendant.

24       C.    Class Counsel shall file its motion for attorney's fees and costs 31
25 days after the Settlement Administrator mails the Notice Packets.

---

[2] The parties agreed at the February 22, 2016 hearing to change this deadline from 5 calendar days to 5 business days. Thus, this term differs slightly from the Settlement Stipulation. Unless otherwise indicated, all other references to "days" are "calendar days."

4

     D.    Class Members must postmark requests to opt out, objections, or disputes concerning the information in the Notice Packet no later than 45 days after the Notice Packet is mailed, or, for Class Members whose Notice Packets are remailed, the later of 45 days after the original mailing or 7 days after remailing to that Class Member.

     E.    The Settlement Administrator shall notify the parties of the number of Exclusion Letters received no later than 2 days after the opt out deadline (Paragraph 16D, above).

     F.    Defendant may void the Settlement if more than 10% of the California Class Members opt out, and if desired, must do so no later than 7 days after the Settlement Administrator notifies the parties of the number of Exclusion Letters received.

     G.    The Settlement Administrator shall provide a declaration of due diligence and proof of mailing of the Notice Packet no later than 7 days before the Final Approval Hearing.

     H.    Class Counsel shall provide a draft of the Final Approval motion to Defense Counsel for review no later than 2 days prior to the filing date of the Final Approval motion (Paragraph 14, above).

     I.    Class Counsel shall file the Settlement Administrator's verification that the notice process has been completed on or before the date of the Final Approval Hearing.

     J.    The Final Approval Hearing shall be held on Monday, May 23, 2016.

     K.    The Payment Obligation and Class Release Date shall be:

         (a) the date when the Final Approval Order is signed, if there are no objectors, or

         (b) in the event there are objectors, thirty-two days after service of notice of entry of the Final Approval Order and Judgment on the Parties and all objectors to the Settlement, if no appeals or requests for

5

review have been taken, or

(c) the issue date of orders affirming the Final Approval Order and Judgment or denying review after exhaustion of all appellate remedies, if appeals or requests for review have been taken.

L. Defendant shall provide the Settlement Funds to the Settlement Administrator no later than 3 business days after the Payment Obligation and Class Release Date (Paragraph 16K, above).

M. The Settlement Administrator shall mail or wire all required payments no later than 14 days after the Payment Obligation and Class Release Date (Paragraph 16K, above).

N. Class Members shall cash their Individual Settlement Payment checks no later than 180 days after the checks are mailed or wired (Paragraph 16M, above).

17. The Court ORDERS that, pending further order of this Court, all proceedings in this lawsuit, except those contemplated herein and in the Settlement Stipulation, are stayed.

18. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

19. The Court may extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Classes.

**IT IS SO ORDERED.**

Dated: 02/24/16                   _____
                                  THELTON E. HENDERSON
                                  United States District Judge