UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE MEZA,

        Plaintiff,

   v.

S.S. SKIKOS, INC., et al.,

        Defendants.

Case No. 15-cv-01889-TEH

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

    Plaintiff Jose Meza ("Plaintiff") alleges nine causes of action under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the California Labor Code, applicable Industrial Welfare Commission ("IWC") Wage Order, Business and Professions Code §§ 17200, *et seq.* ("UCL"), and the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). In his first cause of action, Plaintiff alleges, on behalf of an FLSA collective, that Defendants violated the FLSA by knowingly failing to maintain records of all hours worked, knowingly failing to compensate employees for all hours worked, and knowingly failing to compensate employees at a rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week.

    Plaintiff's remaining eight causes of action arise under California law: (1) failure to pay overtime and double time compensation; (2) failure to pay for all hours worked; (3) failure to provide meal periods, or compensation in lieu thereof; (4) failure to provide rest periods, or compensation in lieu thereof; (5) failure to furnish accurate itemized wage statements; (6) waiting time penalties; (7) violation of the UCL as a result of unfair, unlawful, and fraudulent business practices; and (8) civil penalties pursuant to PAGA.

    After extensive informal discovery, the Parties engaged in mediation before David Rotman on November 19, 2015. As a result of the mediation, the Parties reached a settlement. After the mediation, the Parties finalized a settlement agreement. The Parties

United States District Court
Northern District of California

1  entered into a fully-executed Stipulation of Settlement and Release ("Stipulation of

2  Settlement" or "Settlement") on January 15, 2016. Docket. No. 45-1.

3      The Court preliminarily approved the Settlement on February 24, 2016. Docket No.

4  48. Before the Court are two motions: Plaintiff's Unopposed Motion for Final Approval of

5  Settlement (Docket No. 54); and Plaintiff's Motion for Attorneys' Fees, Costs, and Service

6  Payment (Docket No. 50). The Court held a hearing on the pending motions on May 23,

7  2016. Having carefully considered the Parties' written and oral arguments and the record

8  as a whole, the Court HEREY ORDERS as follows:

9      1.    The Court finds that it has jurisdiction over the claims of the California Class

10  Members and California FLSA Class Members asserted in this proceeding and over all

11  Parties to the action.

12      2.    The Court finds that zero (0) California Class Members have objected to the

13  Settlement and zero (0) California Class Members have requested exclusion from the

14  Settlement. Additionally, 108 Class Members have validly opted in to the California

15  FLSA Class. *See* Gomez Decl. at 3 (Docket No. 56).

16      3.    The Court GRANTS Final Approval of the terms and conditions contained in

17  the Settlement (Docket No. 45-1). The Court finds that the terms of the Settlement appear

18  to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23

19  and applicable law.

20      4.    The Court finds that: (1) the settlement amount is fair and reasonable to the

21  Class Members when balanced against the probable outcome of further litigation relating

22  to class certification, liability and damages issues, and potential appeals; (2) significant

23  informal discovery, investigation, research, and litigation have been conducted such that

24  counsel for the Parties at this time are able to reasonably evaluate their respective

25  positions; (3) settlement at this time will avoid substantial costs, delay, and risks that

26  would be presented by the further prosecution of the litigation; and (4) the Settlement has

27  been reached as the result of intensive, serious, and non-collusive negotiations between the

28  Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

2

1  5. The Court makes final its earlier conditional certification of the California Class for settlement purposes. The "California Class" is defined to mean "all current and former Drivers employed by Defendants in California during the California Class Period." The "California Class Period" is "the period beginning April 27, 2011 through the date of Preliminary Approval (February 24, 2016)."

6. The Court makes final its earlier conditional certification of the California FLSA Class for settlement purposes. The "California FLSA Class" is defined as "all current and former Drivers who were employed by Defendants in California during the California FLSA Class Period." The "California FLSA Class Period" is "the period beginning April 27, 2012 through the date of Preliminary Approval (February 24, 2016)."

7. The Court finds that the approved Notice Packet (Exs. 1-3, Docket No. 45-1) constituted the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Notice fully and accurately informed the Class Members of all material elements of the Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the Class Members to participate in this hearing and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all California Class Members, since none timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

8. The Court FINALLY APPOINTS Simpluris, Inc. as the Settlement Administrator, and approves its reasonable administration costs not to exceed $12,000.00.

9. The Court FINALLY APPOINTS Schneider Wallace Cottrell Konecky Wotkyns LLP and Villegas Carrera, LLP, as Class Counsel.

10. The Court FINALLY APPROVES Class Counsel's request for attorneys' fees of one-third of the Maximum Settlement Amount, or $233,310.00. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, substantial risk borne by Class Counsel in litigating

1  this matter, the high degree of skill and quality of work performed, financial burden
2  imposed by the contingency basis of Class Counsel' representation of Plaintiff and the
3  Class Members, and additional work required of them to bring this Settlement to
4  conclusion.  The Court finds the fees award further supported by the lodestar crosscheck,
5  whereby it finds that Schneider Wallace Cottrell Konecky Wotkyns LLP, and Villegas
6  Carrera, LLP's hourly rates are reasonable, the estimated hours expended are reasonable.
7  In fact, Class Counsel's total fees are $613,164.20.  Thus, the Court applies a negative
8  multiplier to Class Counsel's lodestar in issuing this fee award.

9  　　　　11.　　The Court FINALLY APPROVES Class Counsel's request for costs in the
10  amount of $15,927.83.

11  　　　　12.　　The Court FINALLY APPOINTS Plaintiff Jose Meza as the Class
12  Representative, and approves a service payment of $7,500.00 to Mr. Meza, finding that
13  this award is fair and reasonable for the work he provided to the Class Members and
14  considering the broad release he executed.

15  　　　　13.　　The Court FINALLY APPROVES the $10,000.00 PAGA allocation.
16  $7,500.00 of that allocation shall be paid to the LWDA, and the remaining $2,500.00 shall
17  be disbursed to the Class.

18  　　　　14.　　Good cause appearing, the Court APPROVES the following implementation
19  schedule:

20  　　　　　　A.　　The Payment Obligation and Class Release Date shall be (a) the date
21  of this Final Approval Order, if there are no objectors; or (b) in the event that there are
22  objectors, 32 days after service of notice of entry of this Final approval Order and
23  Judgment on the Parties and all objectors to the Settlement without any appeals or requests
24  for review being taken; or (c) the date on which orders affirming this Final Approval Order
25  and Judgment or denying review after exhaustion of all appellate remedies issue, if appeals
26  or requests for review have been taken.

27  　　　　　　B.　　Defendant shall provide the Settlement Administrator with the
28  Settlement Funds on or before May 31, 2016.

    C. The Settlement Administrator shall mail or wire all required payments no later than 14 days after the Payment Obligations and Class Release Date.

    D. The deadline to cash Individual Settlement Payment checks shall be 180 days after the checks are mailed.

  15. With this Final Approval of the Settlement, all claims that are released as set forth in the Settlement are hereby barred.

  16. The Court permanently enjoins all of the California Class Members who did not timely exclude themselves (opt-out) from the Settlement Agreement, California FLSA Class Members who submit a timely and valid Opt-In Form, and the LWDA from pursuing or seeking to reopen any "Released Claims" (as defined in the Settlement Agreement) against any of the "Released Parties" (also as defined in the Settlement Agreement).

  17. The Court dismisses this action with prejudice and will enter Judgment consistent with the Settlement Agreement and this Order.

  18. The Court shall retain jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

Dated: 05/25/16        _____
                THELTON E. HENDERSON
                United States District Judge